## WABASH WESTERN RAILWAY *v.* BROW.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH
CIRCUIT.

No. 235.  Submitted November 6, 1896. — Decided November 30, 1896.

The filing by the defendant in an action in a state court of a petition for its
removal to the proper ·Circuit Court of the United States does not pre-
vent the defendant, after the case is removed, from moving in the Fed-
eral court to dismiss it for want of jurisdiction of the person of the
defendant in the state court or in the Federal court.

JOSEPH Brow commenced suit in the Circuit Court of Wayne
County, Michigan, against the Wabash Western Railway to
recover the sum of twenty thousand dollars for personal in-
juries, caused, as he alleged, by defendant's negligence, by the
service, September 24, 1892, of a declaration and notice to
appear and plead within twenty days, on Fred J. Hill, as agent
of the company, which declaration and notice were subse-
quently filed in that court.  On the 7th of October defend-
ant filed its petition and bond for removal in that court,
and an order accepting said bond and removing the cause to
the Circuit Court of the United States for the Eastern District
of Michigan, and directing the transmission of a transcript of
record, was entered.

The petition alleged that the matter and amount in dispute
exceeded, exclusive of interest and costs, the sum or value of
two thousand dollars, and that the controversy was between
citizens of different States; that petitioner was at the time of
the commencement of the suit and still was "·a corporation
created and existing under the laws of the State of Missouri,
having its principal business office at the city of St. Louis in
said State, and a citizen of the said State of Missouri, and a
resident of said State, and that the plaintiff, Joseph Brow, was
then and still is a citizen of the State of Michigan, and a resi-
dent of the county of Wayne in said State."

The record having been filed in the Circuit Court of the

United States for the Eastern District of Michigan, a motion to set aside the declaration and rule to plead was made in the cause in these words and figures : "And now comes the Wabash Western Railway, defendant (appearing specially for the purpose of this motion), and moves the court, upon the files and records of the court in this cause, and upon the affidavit of Fred J. Hill, filed and served with this motion, to set aside the service of the declaration and rule to plead in this cause, and to dismiss the same for want of jurisdiction of the person of the defendant in the state court from which this cause was removed, and in this court." The affidavit was to the effect that Hill, on September 24, 1892, was the freight agent of "the Wabash Railroad Company, a corporation which owns and operates a railroad from Detroit to the Michigan state line, and was not an agent of the Wabash Western Railway, defendant in this suit"; and that on the day aforesaid the Wabash Western Railway "did not own, operate or control any railroad in the State of Michigan, or have any officers or agent of any description therein, and did no business and had no property and no place of business in said State; and that on said day deponent was not a ticket or station agent of the said defendant, nor an officer or agent of the defendant of any description."

The motion was denied by the Circuit Court, with leave to defendant to plead within ten days, and defendant excepted. Thereafterwards defendant filed a plea in said cause as follows : "And the said defendant appearing and pleading under protest and excepting to the refusal of the court to grant its motion to dismiss, by Alfred Russell, its attorney, comes and demands a trial of the matters set forth in the declaration of the said plaintiff."

The cause was subsequently tried and resulted in a judgment in favor of Brow for $2500 and costs. The bill of exceptions sets forth that, when the case came on for trial, "the defendant company protested in open court against being forced to go to trial and for cause of protest showed to the court that the defendant was a corporation organized in the State of Missouri, and that at the time of the commence-

ment of this suit, the defendant had no agent, business, property, officer or servant in the State of Michigan, and had not been served and had not appeared." The court overruled the protest and defendant duly excepted. An instruction embracing the same point was also asked by defendant and refused, and an exception taken.

A writ of error was allowed from the Circuit Court of Appeals for the Sixth Circuit and the cause heard by that court. Among the errors assigned were the refusal of the Circuit Court to grant the motion to set aside the service of declaration and rule to plead and to dismiss the cause; the compelling of defendant to go to trial against its protest, the court having no jurisdiction over its person; and the refusal of the instruction presenting the same point. The opinion is reported in 31 U. S. App. 192, and fully discusses the objection to the jurisdiction of the state court over defendant's person, ruling that the filing of a petition for removal to the Circuit Court effected a general appearance, and that it was too late after such removal had been perfected for it in the Circuit Court to attempt to plead that that court had no personal jurisdiction over the company by virtue of the process issued. The case was also considered upon the merits and the judgment was affirmed. Thereupon application was made by plaintiff in error to this court to issue a writ of *certiorari* to the Circuit Court of Appeals, which was granted, and the record having been sent up, the cause was submitted on briefs.

*Mr. Alfred Russell* for plaintiff in error.

*Mr. Edwin F. Conely* for defendant in error.

The plaintiff in error did not allege in its petition of removal that it was unable to obtain justice in the state court, neither does the petition refer in any manner to the service on the defendant made in the state court; but it prays for the removal of the cause on the merits of the controversy, in which the matter in dispute exceeds the sum of two thousand dollars, and for no other reasons whatever.

As it did not file in the state court a special appearance or

a motion for the purpose of attacking the service made there, there was nothing in the record removed which could be reviewed or revived in the Federal court except the petition of removal, which with the declaration, comprised the entire record. Nor can it be inferred that it was the intention of the railway to attack the service after removal in the face of the petition, which refers only to a controversy on the merits which exceed the sum of two thousand dollars. This petition for removal as the case now stands could not be held an appearance in the state court for the purposes of attacking the service in that court on a motion made after a removal to the Federal court.

The following cases are cited in support of the position that there is a conflict among the different circuits upon the question of allowing service in the state court to be attacked after removal to the Federal court, counsel claiming that the majority of these circuits sustain his position : *Parrott* v. *Alabama Gold Life Ins. Co.*, 5 Fed. Rep. 391 ; *Blair* v. *Turtle*, 5 Fed. Rep. 394 ; *Small* v. *Montgomery*, 17 Fed. Rep. 865 ; *Hendrickson* v. *Chicago, Rock Island &c. Railway*, 22 Fed. Rep. 569 ; *Miner* v. *Markham*, 28 Fed. Rep. 387 ; *Golden* v. *Morning News*, 42 Fed. Rep. 112 ; *Clews* v. *Woodstock Iron Co.*, 44 Fed. Rep. 31 ; *Reifsnider* v. *Amer. Pub. Co.*, 45 Fed. Rep. 433 ; *Forrest* v. *Union Pacific Railway*, 47 Fed. Rep. 1 ; *O'Donnell* v. *Atchison, Topeka &c. Railway*, 49 Fed. Rep. 689 ; *McGillin* v. *Claflin*, 52 Fed. Rep. 657.

In all these cases there was either a motion or special appearance by defendant for the purpose of setting aside the service in the state court which formed part of the record removed, and many of these cases would seem to allow defendant to revive or renew such motion or special appearance, as being part of the record removed, the cause proceeding under the act of 1887 on the record removed only. The decisions, however, do not contemplate the taking up of any proceedings in the Federal court not contained in the record removed, and none of these cases can be compared with the present one, where the record consists of the petition for removal only, the contents of which we have referred to.

We therefore contend that there is no conflict in the different circuits on the questions raised by the facts and record in the case at bar.

There also seems to be some misunderstanding as to the ruling of the Supreme Court on these questions, counsel contending that this court should by its decision settle such questions.

We cannot overlook or ignore the decision in *Bushnell* v. *Kennedy*, 9 Wall. 387, where, among other things, Chief Justice Chase has given a final opinion for this court on the question of jurisdiction of the person of a defendant who, after praying for Federal jurisdiction, and bringing a cause in which he is interested into a Federal court, of his own election and by his own act refused to proceed on the merits, and attacked the service in the state court, thereby attempting to deprive a plaintiff of the jurisdiction of both courts. The learned Chief Justice concludes his opinion in that case by holding that the petition for the removal of the controversy between the parties in the state court constitutes an appearance on the merits in the Federal court.

In that case the question was fully discussed, and the decision has since been considered as the final judgment of this court in cases like the present one. See also *Sweeny* v. *Coffin*, 1 Dillon, 73; *Sayles* v. *Northwestern Ins. Co.*, 2 Curtis, 212; *Tallman* v. *Baltimore & Ohio Railroad*, 45 Fed. Rep. 156; *New York Const. Co.* v. *Simon*, 53 Fed. Rep. 1.

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

This was not a proceeding *in rem* or *quasi in rem*, but a personal action brought in the Circuit Court of Wayne County, Michigan, against a corporation which was neither incorporated nor did business, nor had any agent or property, within the State of Michigan; and service of declaration and rule to plead was made on an individual who was not, in any respect, an officer or agent of the corporation. The state court, therefore, acquired no jurisdiction over the person of

the defendant by the service. Did the application for removal amount to such an appearance as conceded jurisdiction over the person ?

We have already decided that when in a petition for removal it is expressed that the defendant appears specially and for the sole purpose of presenting the petition, the application cannot be treated as submitting the defendant to the jurisdiction of the state court for any other purpose. *Goldey* v. *Morning News*, 156 U. S. 518.

The question "how far a petition for removal, in general terms, without specifying and restricting the purpose of the defendant's appearance in the state court, might be considered, like a general appearance, as a waiver of any objection to the jurisdiction of the court over the person of the defendant," was not required to be determined, and was, therefore, reserved ; but we think that the line of reasoning in that case and in the preceding case of *Martin* v. *Baltimore & Ohio Railroad*, 151 U. S. 673, compels the same conclusion on the question as presented in the case before us.

In *Goldey* v. *Morning News*, Mr. Justice Gray, speaking for the court, observed : "The theory that a defendant, by filing in the state court a petition for removal into the Circuit Court of the United States, necessarily waives the right to insist that for any reason the state court had not acquired jurisdiction of his person, is inconsistent with the terms, as well as with the spirit, of the existing act of Congress regulating removals from a court of a State into the Circuit Court of the United States. The jurisdiction of the Circuit Court of the United States depends upon the acts passed by Congress pursuant to the power conferred upon it by the Constitution of the United States, and cannot be enlarged or abridged by any statute of a State. The legislature or the judiciary of a State can neither defeat the right given by a constitutional act of Congress to remove a case from a court of the State into the Circuit Court of the United States, nor limit the effect of such removal. . . . Although the suit must be actually pending in the state court before it can be removed, its removal into the Circuit Court of the United States does not admit

that it was rightfully pending in the state court, or that the defendant could have been compelled to answer therein; but enables the defendant to avail himself, in the Circuit Court of the United States, of any and every defence, duly and seasonably reserved and pleaded, to the action, 'in the same manner as if it had been originally commenced in said, Circuit Court.'" 156 U. S. 523, 525.

In *Martin* v. *Baltimore & Ohio Railroad*, referring to the provision of the act of Congress of 1887, defining the time of filing a petition for removal in the state court, it was said: " This provision allows the petition for removal to be filed at or before the time when the defendant is required by the local law or rule of court ' to answer or plead to the declaration or complaint.' These words make no distinction between different kinds of answers or pleas; and all pleas or answers of the defendant, whether in matter of law by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said, in the standard books on pleading, ' to oppose or answer' the declaration or complaint which the defendant is summoned to meet. Stephen on Pleading, (1st. Am. ed.,) 60, 62, 63, 70, 71, 239; Lawes· on Pleading, 36. The Judiciary Act of September 24, 1789, c. 20, § 12, required a petition for removal of a case from a state court into the Circuit Court of the United States to be filed by the defendant ' at the time of entering his appearance in such state court.' 1 Stat. 79. The recent acts of Congress have tended more and more to contract the jurisdiction of the courts of the United States, which had been enlarged by intermediate acts, and to restrict it more nearly within the limits of the earlier statutes. *Pullman Car Co.* v. *Speck*, 113 U. S. 84; *Smith* v. *Lyon*, 133 U. S. 315, 320; *In re Pennsylvania Co.*, 137 U. S. 451, 454; *Fisk* v. *Henarie*, 142 U. S. 459, 467; *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, 449. Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that Congress contemplated that the petition for removal

should be filed in the state court as soon as the defendant was required to make any defence whatever in that court, so that, if the case should be removed, the validity of any and all of his defences should be tried and determined in the Circuit Court of the United States." 151 U. S. 686, 687.

Want of jurisdiction over the person is one of these defences, and, to use language of Judge Drummond in *Atchison* v. *Morris*, 11 Fed. Rep. 582, we regard it as not open to doubt that "the party has a right to the opinion of the Federal court on every question that may arise in the case, not only in relation to the pleadings and merits, but to the service of process; and it would be contrary to the manifest intent of Congress to hold that a party, who has the right to remove a cause, is foreclosed as to any question which the Federal court can be called upon, under the law, to decide."

An appearance which waives the objection of jurisdiction over the person is a voluntary appearance, and this may be effected in many ways, and sometimes may result from the act of the defendant even when not in fact intended. But the right of the defendant to a removal is a statutory one, and he is obliged to pursue the course pointed out, and when he confines himself to the enforcement of that right in the manner prescribed, he ought not to be held thereby to have voluntarily waived any other right he possesses. An acknowledged right cannot be forfeited by pursuit of the means the law affords of asserting that right. *Bank* v. *Slocomb*, 14 Pet. 60, 65. The statute does not require the removing party to raise the question of jurisdiction over his person in the state court before removing the cause, or to reserve that question in respect of a court which is to lose any power to deal with it; and to decide that the presentation of the petition and bond is a waiver of the objection would be to place a limitation upon the jurisdiction of the Circuit Court, which is wholly inconsistent with the act.

Moreover the petition does not invoke the aid of the court touching relief only grantable in the exercise of jurisdiction of the person. The statute imposes the duty on the state court, on the filing of the petition and bond, "to accept such

petition and bond and proceed no further in such suit," and, if. the cause be removable, an order of the state court denying the application is ineffectual, for the petitioner may, notwithstanding, file a copy of the record in the Circuit Court and that court must proceed in the cause.

In this aspect the conclusion is impossible that the party submits to the jurisdiction of the state court by availing himself of a right to which he is entitled under the act of Congress, and which the state court is by that act required to recognize.

It is conceded that if defendant had stated that it appeared specially for the purpose of making the application, that would have been sufficient; and yet when the purpose for which the applicant comes into the state court is the single purpose of removing the cause, and what he does has no relation to anything else, it is not apparent why he should be called on to repeat that this is his sole purpose; and when removal is had before any step is taken in the case, as the statute provides that "the cause shall then proceed in the same manner as if it had been originally commenced in said Circuit Court," it seems to us that it cannot be successfully denied that every question is open for determination in the Circuit Court, as we have, indeed, already decided.

The Circuit Court of Appeals held that a petition to remove, without more, was tantamount to a general appearance, but that this result could be avoided by a special appearance accompanying, or made part of, the petition, which would not be waived by or be inconsistent with the general appearance because the application was analogous to an objection to jurisdiction over the subject-matter. We do not concur in this view. By the exercise of the right of removal, the petitioner refuses to permit the state court to deal with the case in any way, because he prefers another forum to which the law gives him the right to resort. This may be said to challenge the jurisdiction of the state court, in the sense of declining to submit to it, and not necessarily otherwise.

We are of opinion that the filing of a petition for removal does not amount to a general appearance, but to a special appearance only.

Section twelve of the Judiciary Act of September 24, 1789, c. 20, required the petition for removal to be filed by the defendant " at the time of entering his appearance in such state court," (1 Stat. 79,) and those words were omitted in the act of 1887, though probably the omission is of no special significance. Some cases are referred to, however, which were decided under that section, and have not been followed under the present statute. *Pollard* v. *Dwight*, 4 Cranch, 421; *Bushnell* v. *Kennedy*, 9 Wall. 387; *Sayles* v. *Northwestern Insurance Co.*, 2 Curtis, 212. These were all cases of attachment and of jurisdiction asserted in the state courts through the levy of the writs. The last two cited were satisfactorily disposed of in *Goldey* v. *Morning News*.

In *Pollard* v. *Dwight*, it appears that the objection that the Circuit Court had no jurisdiction, " the plaintiffs being citizens of Massachusetts and Connecticut, and the defendants citizens of Virginia, not found in the district of Connecticut," was not raised in the Circuit Court, but for the first time in the assignment of errors after judgment in that court, and it was accordingly held that, " by appearing to the action, the defendants in the court below placed themselves precisely in the situation in which they would have stood, had process been served upon them, and consequently waived all objections to the non-service of process."

*The judgment of the Circuit Court of Appeals is reversed; the judgment of the Circuit Court is also reversed and the cause remanded to that court with directions to grant a new trial, sustain the motion to set aside the service of the declaration and rule to plead, and dismiss the action.*

MR. JUSTICE BREWER and MR. JUSTICE PECKHAM dissented.