SPREEN v. DELSIGNORE et al.

(Circuit Court, D. Kentucky. April 24, 1899.)

No. 5,549.

1. APPEARANCE—FILING PETITION FOR REMOVAL.
    The filing of a petition and bond for the removal of a cause from a state court, though the defendant's appearance is not, in terms, restricted to that purpose, does not constitute a general appearance to the suit.

2. ATTACHMENT—ISSUANCE BEFORE SUMMONS—KENTUCKY STATUTE.
    Under Civ. Code Ky. § 39, providing that an action is commenced by filing a petition, and causing a summons to issue or a warning order to be made thereon, and section 194, providing that a plaintiff may obtain an attachment "at or after the commencement of the action," an attachment issued on the filing of the petition, but before a summons has been issued or a warning order made, is void.

3. SAME—SUCCESSIVE WRITS—AFFIDAVIT.
    Under Civ. Code Ky. §§ 194, 201, authorizing attachments at or after the commencement of the action and the issuance of successive writs, an attachment may lawfully be issued at any time after an action is commenced, and before final judgment on an affidavit filed at the time the action is commenced.

4. SAME—AMENDMENT OF AFFIDAVIT.
    Under Civ. Code Ky. § 268, subsec. 2, permitting the amendment of affidavits for attachment, an amendment stating a new ground for attachment may be allowed.

5. CONSTRUCTIVE SERVICE—WARNING ORDER—AFFIDAVIT.
    A warning order against a defendant on the ground that he is a nonresident of Kentucky, and believed to be absent therefrom, cannot be made on an affidavit of such facts filed by plaintiff four months previously.

On Motion by Plaintiff for Judgment and by Defendants to Discharge an Attachment.

Augustus E. Willson, for plaintiff.
W. O. Harris, for defendants.

EVANS, District Judge. This ordinary action on a contract in writing was instituted in the Trimble circuit court. The petition was filed February 13, 1896, and embraced an affidavit stating grounds, which, under the Civil Code, authorized a warning order against the defendants, who were alleged to be nonresidents, and believed to be absent from the state of Kentucky, and also authorized, on the ground of the nonresidence, only, of the defendants, an order of attachment against defendants' property. On the same day, bond was duly executed by the plaintiff in the case, and an attachment was issued, directed to the sheriff of Trimble county, by whom it was levied upon 800 empty barrels belonging to the defendants. No summons, however, was issued in the action until March

18, 1896, and that process was returned "Not found." On March 18, 1896, another attachment was issued, directed to the sheriff of Kenton county, but on June 8, 1896, was returned "No property found" upon which to levy it. On June 8, 1896, a warning order against defendants was made by the clerk, and indorsed on the petition, and an attorney was thereby appointed to correspond with the defendants, and inform them of the nature and pendency of the action. On the 8th of June, 1896, another attachment was issued, directed to the sheriff of Trimble county, and, coming to his hands, was on the same day levied upon the same 800 empty barrels that had been levied upon under the attachment issued February 13, 1896. On February 10, 1897, the defendants, by a proper petition for that purpose, removed the case to this court, and subsequently a motion to remand it was overruled by Judge Barr. A motion is now made by the plaintiff for judgment against the defendants, but, although the appearance in the state court would seem, from the entry of the motion made on February 10, 1897, not to have been a restrictive one, the court must overrule the plaintiff's motion for a judgment for the debt sued on, upon the authority of the opinion of the supreme court in the case of Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126. On the 1st day of March, 1897, the defendants, expressing their appearance to be for that purpose only, moved the court to discharge and set aside the attachments heretofore issued herein. Under section 39 of the Civil Code it is provided that an action is commenced by filing in the clerk's office a petition, and causing a summons to be issued, or a warning order to be made thereon. Section 194 of the Code provides that the plaintiff may, at or after the commencement of the action, obtain an attachment against the defendant's property in an action for the recovery of money if the defendant is a nonresident of the state. Inasmuch as the attachment dated February 13, 1896, was issued before the commencement of the action, as defined by section 39, it was clearly void. Kellar v. Stanley, 86 Ky. 240, 5 S. W. 477. On March 18, 1896, a summons was issued to Kenton county, and on that day the action may be said to have been commenced. On the same day an attachment was also issued to the sheriff of Kenton county, and, although no property was found upon which to levy it, its issual was an important act in the progress of the case, especially as section 201 of the Code authorizes several orders of attachment in succession, and as, by section 194, attachments may be issued as well "after" as "at" the commencement of the action. No case is referred to which holds that an attachment may not issue at any time, however long after the affidavit is filed showing the grounds therefor. On the affidavit embraced in the petition no reason is perceived why, under sections 194 and 201 of the Code, an attachment may not have issued at any time between the commencement of the action and final judgment therein. It is, indeed, the uniform practice to issue attachments as long as anything can be found to levy upon, if necessary.

Considering this action as having been commenced as of March 18, 1896, the court should probably now overrule the motion to discharge and set aside the attachments of March 18, 1896, and June 8,

1896, in the absence of an affidavit controverting the grounds of attachment, notwithstanding the affidavit was made in February, and would do so were it not that the plaintiff tenders an affidavit attempting to amend his grounds of attachment, and it seems just to consider the amendment. But, as objection is made to the affidavit thus tendered upon the ground that it is the affidavit of plaintiff's attorney instead of himself, further action upon this phase of the case will be postponed until and including the 3d day of May, 1899, for plaintiff to tender, if so advised, his own affidavit, instead of that of his attorney. It seems to the court that such an amendment, properly sworn to, is clearly admissible under subsection 2, § 268, of the Civil Code. The court is of opinion that the warning order made on the petition on June 8, 1896, should be set aside upon the ground that an unreasonable time had elapsed between February 13, 1896, when the affidavit showed plaintiff's belief that defendants were then absent from Kentucky, and the time of making the warning order. There would seem, however, to be no reason why another warning order may not be made if the proper affidavit therefor should be presented. Counsel will prepare orders accordingly.