### PETERSON et al. v. MORRIS et al.

(Circuit Court, N. D. Illinois, N. D.   November 25, 1899.)

No. 25,001.

1. APPEARANCE—FILING PETITION FOR REMOVAL.
    The filing of a petition for removal in a state court, although defendant's appearance is not expressly limited to such purpose, does not constitute a general appearance which precludes the defendant from raising the question of the sufficiency of the service in the federal court; and, where a plea in abatement on that ground had been filed in the state court in accordance with the state practice, it may be permitted to stand as a motion to quash in the federal court.

2. SAME—MOTION TO REQUIRE BOND FOR COSTS.
    The filing by the defendant in a federal court, after the removal of a cause, of a motion to require the plaintiff to give security for costs, is not such a general appearance as precludes the defendant from relying on a motion to quash the service.

On motion of defendants for an order that a plea in abatement filed in the state court before removal of the cause stand as a motion to quash the service.

F. T. Murphy, for plaintiffs.
M. Breeden, Jr., for defendants.

KOHLSAAT, District Judge. Under authority of Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, the filing of a petition in the state court for removal to the federal court, without specially limiting the appearance for such purpose, does not amount to a general appearance. Page 279, 164 U. S., page 128, 17 Sup. Ct., and page 434, 41 L. Ed. The effect is the same with or without limiting by words the nature of the appearance. The motion of defendants for an order that the plea in abatement stand as a motion to quash is granted. Benton v. McIntosh (C. C.) 96 Fed. 132, decided by this court on May 27, 1899.

The question then remains as to whether or not the motion made by defendants that plaintiffs file a bond for costs in this court is such a general appearance as will preclude defendants from relying upon improper service of process. Such a motion does not affect the merits of the controversy. It is simply a means for protecting defendants in the recovery of their costs already incurred, and which have not extended beyond those incidental to removal. It would have been better practice to limit the appearance in such a motion, but I hold that, from the nature of the motion, it is not such a one as precludes defendants from relying upon their motion, which was taken by plea in abatement in the state court, and has been ordered, as above, to stand as a motion to quash the service in this court. The motion to quash may be heard upon sustaining affidavits filed within 10 days, and affidavits in opposition to such motion to be filed within 10 days thereafter.