### CADY v. ASSOCIATED COLONIES.

#### (Circuit Court, N. D. California. November 3, 1902.)

#### No. 13,284.

1. REMOVAL OF CAUSES—PROCEEDINGS AFTER REMOVAL—VACATING JUDGMENT.
   Where at the time a cause was removed into a federal court a judgment had been rendered against the defendant, but the state court had power under the statute to vacate the same, the federal court was vested on the removal with the same power.

2. SAME.
   Where a cause has been properly removed into a federal court, that court cannot remand it for the purpose of having a motion to vacate a default judgment, rendered against defendant before the removal, determined by the state court.

3. SPECIAL APPEARANCE—FILING PETITION FOR REMOVAL—EFFECT.
   The appearance of a defendant in a state court to file a petition and bond for removal is special, and is not a waiver of the right to object to the jurisdiction of the state court over him.

4. FEDERAL COURTS—JURISDICTION—DETERMINING VALIDITY OF SERVICE ON FOREIGN CORPORATION.
   The authority of a federal court into which a cause has been removed to determine whether the state court, by the service made, acquired jurisdiction over the defendant, a foreign corporation, to render judgment against it, is neither derived from nor limited by the laws of the state; nor is such court concluded by the decision of the state court thereon.

5. FOREIGN CORPORATIONS—JURISDICTION IN SUIT AGAINST—VALIDITY OF CONSTRUCTIVE SERVICE.
   Constructive service on a foreign corporation under a state law applicable to corporations doing business in the state will not confer jurisdiction, where at the time of such service the corporation is not doing business in the state.

---

¶ 5. Service of process on foreign corporations, see note to Eldred v. American Palace Car Co., 45 C. C. A. 3.

On motion of defendant to quash the service of summons, recall an execution, and vacate a default and judgment entered by a state court before removal of the cause.

Goodwin & Goodwin and E. A. Bolton, for plaintiff.
W. F. Williamson, for defendant.

MORROW, Circuit Judge. This action was commenced in the superior court of this state, for the county of Lassen, by the plaintiff, to recover from defendant the sum of $6,000 and interest, claimed to be due on a contract for the use of water for irrigation purposes during the years 1898, 1899, and 1900. The complaint was filed in the state court on February 5, 1902. It is alleged in the complaint that the defendant is a foreign corporation, having its office and principal place of business in the city of New York, state of New York; that from July 27, 1897, up to and including the time of the filing of the complaint, the defendant has been engaged in carrying on the business of farming agricultural lands in Lassen county, state of California; that the defendant has failed to designate a person residing in the state upon whom process issued by authority or under the law of the state may be served; and that the defendant has failed to execute and file any such designation in the office of the secretary of the state, as provided by an act of the legislature of the state of California entitled "An act in relation to foreign corporations," approved April 1, 1872, and the acts supplementary and amendatory thereof. Section 1 of the act of April 1, 1872, as amended by the act of March 17, 1899 (Statutes and Amendments of the Codes of California 1899, p. 111), provides as follows:

"Section 1. Every corporation heretofore created by the laws of any other state or foreign country, and doing business in this state, shall, within ninety days after the passage of this act, and any corporation hereafter created by the laws of any other state or foreign country and doing business in this state, within forty days from the time of commencing to do business in this state, designate some person residing in this state upon whom process, issued by authority by or under any law of this state, may be served, and within the time aforesaid shall file such designation in the office of the secretary of state, and a copy of such designation, duly certified to by the secretary of state, shall be sufficient evidence of such appointment and of the due incorporation of such corporation, and it shall be lawful to serve on such person so designated, or in event that no such person is so designated then on the secretary of state, any process issued as aforesaid. Such service shall be made on such person so designated, or the secretary of state, in such manner as shall be prescribed in case of service required to be made on foreign corporations, and such service shall be deemed a valid service thereof on such corporation."

It is claimed that the summons issued upon the complaint filed in this case and served upon the secretary of state on the 27th day of February, 1902, was a legal constructive service, under this statute. On the 2d day of April, 1902, the plaintiff had the default of the defendant entered in the clerk's office of the superior court of Lassen county, and on the 3d day of April, 1902, the court filed its findings of fact and conclusions of law; upon the same day entering a judgment in favor of the plaintiff and against the defendant in the sum of $6,945, and costs of suit, taxed at $11. On the 20th

of September, 1902, the defendant appeared by counsel and filed a motion with the clerk of the court to recall the execution issued in the case, to vacate and set aside the default and judgment, and quash the service of summons. The motion was supported by the affidavit of W. E. Smythe, the president of the corporation defendant. In this affidavit it is averred:

"That said defendant, the Associated Colonies, is, and for more than five years last past has been; a corporation organized and existing under the laws of the state of New York, and that the business for the carrying on of which it was incorporated and the objects of the incorporation of said company were to colonize, irrigate, and sell lands for homes and farming purposes, and to buy, sell, and deal in mortgages, bonds, and securities. That ever since its incorporation the said defendant has had its office and principal place of business in the city of New York, in the state of New York. That affiant is now, and was at all the times hereinafter mentioned, and ever since its incorporation, the president of the said defendant corporation. That prior to the 1st day of January, 1900, said defendant company had owned certain real and personal property in the county of Lassen, state of California, and for a period of about one year prior thereto had, through its tenants and agents, cultivated a small portion of its said lands in the said county of Lassen, state of California, but never at any time, or ever at all, carried on, transacted, or did any business in the state of California, other than the cultivation of said portion of its said lands as aforesaid. That on or about the 2d day of January, 1900, the said defendant corporation transferred, sold, and conveyed all of its said property, real and personal, in the state of California, and abandoned all intention of carrying on business in the state of California, and since said date has neither owned nor been in possession or use of any property, real or personal, of any kind, in the state of California. That since said 2d day of January, 1900, the said defendant has not done or carried on any business in the state of California, and has not been doing business in the state of California, and was not at the commencement of this action, or at the date of the attempted service of summons herein, or at the date of the said default or of said judgment, engaged in any business, trade, or calling in the state of California, and was not on either of said dates doing its or any business in the state of California, and did not on either of said dates, or ever or at all, since the 2d day of January, 1900, maintain any office or agent in the state of California. That the summons in this action was never personally served upon said defendant corporation, or upon any of its officers or agents, and that affiant, individually or as president of the said defendant corporation, never knew that this case had been begun by plaintiff against said defendant until on or about the 8th day of May, 1902, when he was advised that the said plaintiff had recovered a judgment against said defendant corporation; but even then affiant did not know upon what plaintiff based his claim or brought his suit, or when the suit had been begun, or where. That affiant was not fully informed of the facts or particulars of plaintiff's claim, or of the nature of his cause of action, or of the amount of the judgment, or its date, or where or when the suit was brought, until on or about the 1st day of August, 1902, when he was advised of those facts by W. F. Williamson, Esq., his attorney, who had made inquiry in that regard at his instance and request."

It is further averred that the defendant is advised by its attorney that it has a good, valid, meritorious, and legal defense on the merits.

On the same day that defendant filed its motion to recall execution, vacate and set aside the judgment, and quash the service of summons, it presented its petition to the court for removal of the case to this court, alleging diverse citizenship, and that the amount involved exceeded the sum of $2,000, exclusive of costs and interest; and, upon giving the proper bond, the case was brought to this court.

The matter now before the court is the motion to recall the execu-

tion, vacate and set aside the judgment, and quash the service of summons. The determination of this motion depends upon the question whether the service of process made upon the secretary of state gave the superior court of Lassen county jurisdiction over the defendant. Section 1 of the amended act of the legislature of March 17, 1899, providing for the service of process upon the secretary of state, is made applicable to any corporation created by the laws of any other state or foreign country, and "doing business in the state." The defendant was a corporation created by the laws of the state of New York, and it had not designated any person residing in this state upon whom the process might be served. If, then, the defendant was "doing business in this state," the service of process on the secretary of state was sufficient, under the statute, to obtain constructive service upon the defendant. Was the defendant "doing business in this state"? It is objected that this court cannot examine into this question, on the ground that it had already been judicially determined by the state court that it had such jurisdiction. It would be a sufficient answer to this objection to say that when this case was removed to this court the superior court of Lassen county had authority, under section 473 of the State Civil Code of Procedure, to relieve the defendant from the judgment entered in the case. That section provides, among other things, that:

"The court may * * * also upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect: provided, that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. When from any cause the summons in an action has not been personally served on ¹he defendant, the court may allow, on such terms as may be just, such defendant or his legal representative at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

The judgment by default was entered on April 3, 1902. Defendant's motion to vacate and set aside the default judgment and to quash the service of summons was made on September 20, 1902, or within six months after the judgment and order was entered. The state court had authority, while the case was still pending in that court, to determine upon such a showing whether the defendant was entitled to be relieved from the judgment or not, and upon the removal of the case that authority was vested in this court.

The suggestion of the plaintiff that the case be remanded to the state court to have this motion determined cannot be entertained. This court cannot abdicate its authority or duty in any case in favor of another jurisdiction. Hyde v. Stone, 20 How. 170, 175, 15 L. Ed. 874. Moreover, the appearance of the defendant in the state court, under the circumstances, was not a waiver of objection to the jurisdiction. The appearance must be treated as a special appearance to secure the removal of the case to this court. Railway Co. v. Brow, 164 U. S. 271, 279, 17 Sup. Ct. 126, 41 L. Ed. 431. But the authority of this court to determine whether the state court had jurisdiction .of the defendant to make the order and enter the judgment contained in the record has a wider scope than the power conferred upon the

state court to set aside defaults, as provided in section 473 of the State Code of Civil Procedure. In Goldey v. Morning News, 156 U. S. 518, 523, 15 Sup. Ct. 559, 30 L. Ed. 517, the supreme court of the United States declared that this authority was not limited by the laws of the state, but was dependent upon its constitutional jurisdiction under the laws of the United States. The court said:

"The jurisdiction of the circuit court of the United States depends upon the acts passed by congress pursuant to the power conferred upon it by the constitution of the United States, and cannot be enlarged or abridged by any statute of a state. The legislature or the judiciary of a state can neither defeat the right given by a constitutional act of congress to remove a case from a court of the state into the circuit court of the United States, nor limit the effect of such removal."

In that case the defendant was a corporation organized and existing under the laws of the state of Connecticut, and was engaged in doing business in that state, having no place of business, officer, agent, or property in the state of New York, where service of summons in the case was made upon the president of the corporation, a citizen and resident of the state of Connecticut. The service of summons was made upon the president while he was temporarily in the state of New York. Such a service had been held valid by the court of appeals of the state of New York, but invalid by the circuit courts of the United States held within that state. In the supreme court the latter opinion was upheld. The court, speaking upon this subject, said:

"It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him, or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service. Whatever effect a constructive service may be allowed in the courts of the same government, it cannot be recognized as valid by the courts of any other government. D'Arcy v. Ketchum, 11 How. 165, 13 L. Ed. 648; Knowles v. Gaslight Co., 19 Wall. 58, 22 L. Ed. 70; Hall v. Lanning, 91 U. S. 160, 23 L. Ed. 271; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; York v. Texas, 137 U. S. 15, 11 Sup. Ct. 9, 34 L. Ed. 604; Wilson v. Seligman, 144 U. S. 41, 12 Sup. Ct. 541, 36 L. Ed. 338. For example, under the provisions of the constitution of the United States and of the acts of congress, by which judgments of the courts of one state are to be given full faith and credit in the courts of another state or of the United States, such a judgment is not entitled to any force or effect unless the defendant was duly served with notice of the action in which the judgment was rendered, or waived the want of such notice. Const. art. 4, § 1; Acts May 26, 1790, c. 11 (1 Stat. 122 [U. S. Comp. St. p. 677]), and March 27, 1804, c. 56 (2 Stat. 299; Rev. St. § 905 [U. S. Comp. St. p. 677]); Knowles v. Gaslight Co. and Pennoyer v. Neff, above cited."

These views of the supreme court with respect to the invalidity of a constructive service of process must, of course, be considered in connection with the admitted fact that the defendant was not doing business in the state of New York. The decision is cited mainly for the purpose of showing that the circuit court must determine for itself the validity of a service of process in a given case, whatever may be the law of a state, or its interpretation by the courts of a state, under which a valid service of process may be claimed.

This brings us to the consideration of the final question in this

case. The state has the right to exclude foreign corporations from doing business in the state, and, where they are not excluded, their right to engage in business within the state depends upon the laws of the state granting the permission. It follows that where the state provides by law that such a corporation doing business in the state must designate some person residing in the state upon whom the process must be served, and, in default of such designation, service of process may be made upon the secretary of state, such service is valid only when the corporation is actually doing business in the state. It is not valid when the corporation has withdrawn from the state, and has ceased to do business within the state. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Swann v. Association (C. C.) 100 Fed. 922; Friedman v. Insurance Co. (C. C.) 101 Fed. 535.

The affidavits introduced in this case in support of the motion under consideration show conclusively that the defendant had not been doing business in this state for more than two years when service of process was made upon the secretary of state. The fact that there was some claim against the defendant, remaining from its former business in the state, is not sufficient. It must be engaged in transacting some substantial part of its ordinary business. U. S. v. American Bell Telephone Co. (C. C.) 29 Fed. 37, 41.

The motion of the defendant to quash the service of summons, recall the execution, and vacate and set aside the default and judgment, is granted, and the action dismissed. Railway Co. v. Brow, 164 U. S. 271, 280, 17 Sup. Ct. 126, 41 L. Ed. 431.