## WEBSTER v. IOWA STATE TRAVELING MEN'S ASS'N.

(Circuit Court, W. D. Missouri, W. D.    January 25, 1904.)

### No. 2,727.

1. INSURANCE (§ 26*)—FOREIGN CORPORATIONS—ACTIONS AGAINST—SERVICE OF PROCESS.

To bind a foreign insurance company by service of process on the state superintendent of insurance, under Rev. St. Mo. 1899, § 7991 (Ann. St. 1906, p. 3799), it must appear that the company is within such statute by doing business in the state, or that it has been doing business in the state and still has policies or liabilities outstanding therein.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33; Dec. Dig. § 26.*

Service of process on foreign insurance corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Removal of Causes (§ 112\*)—Proceedi      fer Removal—Motion to
    Quash Service.
        A motion to vacate the service of su      nay properly be presented
    to the federal court after removal of      ..se, where defendant has
    ·appeared only for the purpose of such rt..uoval, whether specially so lim-
    ited or not; and such motion must be determined on the facts appearing
    of record at the time of removal, which cannot be supplemented by evi-
    dence taken after removal.
        [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 238;
    Dec. Dig. § 112.\*]

On Motion to Set Aside Sheriff's Return of Service.
Fyke Bros., Snider & Richardson, for plaintiff.
Frank Hagerman, for defendant.

PHILIPS, District Judge. This is a motion to set aside the
sheriff's return on the writ of summons issued herein. The suit is
by the plaintiff, as the widow of Walter W. Webster, deceased, to
recover on an accident policy issued by the defendant on the 20th day
of March, 1899, to said deceased. There is nothing on the face of the
petition to show either that the certificate of insurance sued on was
a Missouri contract or at the time of the institution of suit that the
defendant company was doing business in this state. Nor does the
petition even disclose by its averments that the defendant is a non-
resident corporation. The suit having been instituted in the circuit
court of Jackson county, Mo., without more, it was presumptively
brought in conformity with section 997 of the Revised Statutes of
Missouri of 1899 (Ann. St. 1906, p. 878), which provides that:

"Suits against corporations shall be commenced either in the county where
the cause of action accrued, or in any county where such corporations shall
have or usually keep an office or agent for the transaction of their usual and
customary business."

The writ of summons would accordingly issue as prescribed in sec·
tion 994 (page 876), and it would be served, as directed in section
995 (page 876) of the statute—

"on the president or other chief officer of such company, or, in his absence, by
leaving a copy thereof at any business office of said company with the person
having ·charge thereof; and if the· corporation have no business office in the
county where suit is brought, or if no person shall be found in charge thereof,
and the president or chief officer cannot be found in such county, a summons
shall be issued, directed to the sheriff of any county in this state where the
president or chief officer of such company may reside or be found, or where
any office or place of business may be kept of such company."

Instead, however, contrary to the statutory prescribed course, the
writ of·summons was directed to the sheriff of Cole county, Mo., com-
manding him "to summon Iowa State Traveling Men's Association if
it be found in your county." Evidently neither the company nor any
of its officers was found in Cole county; but the sheriff certifies that
he; served the writ in Cole county—

"upon the within-named defendant Iowa State Traveling Men's Association,
on the 20th day of September, 1902, by delivering a true copy of this writ,
together with a copy of the petition, \* \* \* to Edward E. Yates, superin-

\*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tendent of the insurance department of the state of Missouri, he being the person authorized by law to acknowledge and receive, and upon whom to serve, process issuing out of the courts of the state of Missouri, for and in behalf of said defendant, under and by virtue of section 7991 of the Revised Statutes of Missouri" of 1899 (Ann. St. 1906, p. 3799).

This was a mere assumption of the sheriff, a mere conclusion of law, unauthorized by the command of the writ. Section 7991, referred to in the return, pertains solely to the service of process upon—

"any insurance company not incorporated by or organized under the laws of this state, desiring to transact any business by any agent or agents in this state."

Its first prescription is the requirement that such companies shall file with the superintendent of the insurance department a written instrument or power of attorney—

"appointing and authorizing said superintendent to acknowledge or receive service of process issued from any court of record," etc., "and upon whom such process may be served for and in behalf of such company, * * * and consenting that service of process upon said superintendent shall be taken and held to be as valid," etc.

The second provision of this statute is that service of process upon the superintendent shall be valid, etc.—

"so long as it shall have any policies or liabilities outstanding in this state, although such company may have withdrawn, been excluded from or ceased to do business in this state."

As there was nothing in the petition and nothing in the command of the writ to indicate that the situation of the defendant company subjected it to the operation of this statute, it was a bald assumption on the part of the sheriff to undertake to serve the writ upon the state superintendent of insurance. This statute contemplates a state of case where the nonresident insurance company is doing or has been doing business in the state in any event. No substituted service can be valid, unless bottomed on the fact that the company sought to be called into court has been doing business in the state; and until it has been doing business in the state, and maintains here an agent or officer in connection therewith, or has ceased to do business in the state and has policies or liabilities outstanding in this state, where it has withdrawn or been excluded from the state, can this statute be invoked to bring a nonresident corporation into court. If served on the state superintendent of insurance, it is upon the condition that the nonresident corporation was doing business in the state or had ceased to do business in the state. This is the clear import of the opinion of Mr. Justice Field in St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222. See, also, Construction Company v. Fitzgerald, 137 U. S. 98, 106, 11 Sup. Ct. 36, 34 L. Ed. 608; Hazeltine v. Insurance Company (C. C.) 55 Fed. 743, 745; Modern Woodmen of America v. Noyes, 158 Ind. 503, 64 N. E. 21; Strain v. Chicago Portrait Company (C. C.) 126 Fed. 831.

This proposition I understand the learned counsel for the plaintiff does not controvert. Therefore he has taken the deposition of the secretary of the defendant company in Des Moines, Iowa, in the effort to

develop a state of facts aliunde from which the court might infer ____ at the time the writ was served on the state superintendent of insurance the defendant company was doing business in this state, but without attempting to show or claiming that the contract of insurance was made in this state. This deposition is objected to by the defendant as inadmissible on the hearing of this motion. The court is of opinion that the objection is well taken. The question raised by the motion to set aside the sheriff's return stands in the precise attitude of the record when the cause was removed by the defendant from the state court. The defendant in its petition for removal expressly stated that it appeared only for the purposes of the application. Even without such express limitation in the application for removal, the defendant did not waive the objection to the service of process. Wabash Western Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. The motion to vacate the service of process was properly presented to this court after removal, and the only question presented by it is as to the jurisdiction of this court over the defendant. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. Such motion is predicated of the record just as it stood at the time of the removal. It is well settled that the record as it came from the state court, for the purpose of such motion, cannot be amended. It can neither be added to nor subtracted from in this court. The motion must rest upon the facts as they appear of record, which in this case is the petition and writ of summons and return thereon. The deposition taken by the plaintiff is, therefore, pertinent to no fact alleged in the petition or the return sought to be set aside. It is sought by it to bring in a fact in pais and dehors the record.

If the defendant were now to withdraw its motion and refuse to appear to the merits of the action, any judgment taken by the plaintiff on the record as it stands would be void. Mr. Justice Field, in St. Clair v. Cox, supra, speaking to this question, said:

"In the record, a copy of which was offered in evidence in this case, there was nothing to show, so far as we can see, that the Winthrop Mining Company was engaged in business in the state when service was made on Colwell. The return of the officer, on which alone reliance was placed to sustain the jurisdiction of the state court, gave no information on the subject. It did not, therefore, appear, even prima facie, that Colwell stood in any such representative character to the company as would justify the service of a copy of the writ on him. The certificate of the sheriff, in the absence of this fact in the record, was insufficient to give the court jurisdiction to render a personal judgment against the foreign corporation. The record was, therefore, properly excluded."

Without going further, and discussing other questions raised by defendant's counsel, it is sufficient to say that for the reasons above stated the court holds the service of summons to be bad, and the motion is sustained.