JOHNSTON v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. May 20, 1905.)

No. 10.

1. FOREIGN JUDGMENTS—ACTIONS—EVIDENCE.

Where, in an action on a foreign judgment of a court of general jurisdiction, it affirmatively appeared that such court had jurisdiction over the subject-matter and over defendant's person by its general appearance, regardless of the validity of the service, the judgment was not subject to collateral attack for want of jurisdiction over defendant.

2. SAME—EVIDENCE—PREJUDICE.

Where, in an action on a foreign judgment, it conclusively appeared that the court had jurisdiction over defendant's person, the admission of evidence dehors the record to establish such jurisdiction, though unnecessary, was without prejudice to defendant.

Appeal from Appellate Term.

Action by Henry P. C. Johnston against the Mutual Reserve Life Insurance Company. From a determination of the Appellate Term of the Supreme Court (90 N. Y. Supp. 539) affirming an order of the City Court (87 N. Y. Supp. 438), and from an order of that court granting an extra allowance, defendant appeals, pursuant to leave granted. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank R. Lawrence, for appellant.
Gilbert E. Roe, for respondent.

LAUGHLIN, J. This is also an action upon a judgment recovered against the defendant in the Superior Court of North Carolina for damages for breach of contract of insurance. The summons was served upon the Commissioner of Insurance, and the defendant thereafter appeared specially and moved to set aside the service and dismiss the action upon the same grounds upon which it moved to set aside the service in certain of the other actions argued and decided herewith. Upon the decision of that motion, the court made an order reciting findings of the material facts found on granting or denying the similar motions in the other actions, and denied the motion. The defendant then appeared generally, and subsequently interposed an answer. The issues were duly brought to trial, the defendant appearing upon the trial, a jury was waived, and the court rendered a decision finding the material facts as alleged in the complaint. No appeal was taken by the defendant. We do not understand the theory upon which the appeal in this action was taken, unless it be to ask the court to review the exceptions to the evidence dehors the record interposed in the City Court over its objection and exception. This evidence was, of course, unnecessary; but it is wholly immaterial, and could not prejudice the defendant. The Superior Court of North Carolina being a court of general jurisdiction, and the plaintiff being a resident of that state, manifestly the court had jurisdiction over the subject-matter of the ac-

tion; and, regardless of the validity of the service of·process, it obtained jurisdiction over the person of the defendant by its general appearance. Of course, on a direct appeal it might be held that the general appearance would not deprive the defendant of the right to review the order denying its motion to vacate the service. Wabash W. R. Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. No theory is presented or conceivable upon which that judgment could be subject to collateral attack for want of jurisdiction over the defendant.

It therefore follows that the determination should be affirmed, with costs. All concur.