ROBINSON v. SEA VIEW R. CO.

(Circuit Court, D. Rhode Island. April 7, 1909.)

No. 2,844.

EMINENT DOMAIN (§ 242*)—PROCEEDINGS TO TAKE PROPERTY—PERSONS CONCLUDED BY JUDGMENT.

A landowner, who appeared in a state court in a condemnation proceeding by a railroad company, and filed a claim for damages on account of land taken from her, and had a hearing thereon, is estopped to deny the validity of the proceeding for want of notice or other irregularity, or to attack the decree collaterally by a suit in a federal court against the company, based on a claim of title in herself.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 626; Dec. Dig. § 242.*]

Percy W. Gardiner, for plaintiff.
T. F. I. McDonnell, for defendant.

BROWN, District Judge. On June 5, 1907, within the period fixed by order of the state court for the filing of claims, the plaintiff filed in that court her claim for damages for the taking of her land and injury to the remainder of her said tract of land, in the total sum of $10,-000.

It seems to be settled by the decision of the Supreme Court in Great Falls Manufacturing Company v. Attorney General, 124 U. S. 581, 597, 600, 8 Sup. Ct. 631, 637, 638, 31 L. Ed. 527, that a claim for damages for a taking is inconsistent with a claim that there was no taking. In the opinion of the court it is said:

"In reference to the allegation that the survey and map made by the Secretary were not sufficiently accurate, and that the notice published by the Attorney General was materially defective, it may be further said that all such objections were waived by the company when, proceeding under Act July 15, 1882, c. 294, 22 Stat. 168, it invoked the jurisdiction of the Court of Claims to give judgment against the United States for such compensation as it was entitled to receive for its land and water rights."

Various objections were urged to the act itself, but the court said of these:

"They have become immaterial by the act of the plaintiff in instituting suit against the United States in the Court of Claims. In that suit compensation was sought for its property taken for public use, while the present suit proceeds upon the ground that it has not been lawfully taken, and that it is entitled to be placed in possession thereof. Congress prescribed a particular mode for ascertaining the compensation which claimants of property * * * were entitled to receive. * * * The plaintiff by adopting that mode has assented to the taking of its property by the government for public use, and has agreed to submit the determination of the question of compensation to the tribunal named by Congress."

The claim contains this language:

"And the said Ann Eliza Robinson hereby represents that this claim for damages to her said property is filed solely and only for the purpose of protecting and saving her rights in this matter in case the courts of this state should determine that she had received proper notice of these proceedings or that any of the said proceedings are legal and binding upon her."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In spite of this attempted reservation of rights, there is a positive claim for damages. There is a clear inconsistency between the present contention that the proceedings are void, and the claim now on file in the state court for damages for a taking of her lands. In the case of Great Falls Manufacturing Co. v. Attorney General it was alleged that:

"From great caution and fear lest it might lose all benefit of any provision of said act by limitation, it then filed a petition in that court setting forth its claim, in order to save its rights, and for no other purpose whatever; but it protests that what the Secretary of War and the Attorney General did are simple trespasses and wrongs done to the plaintiff, and that for the want of legal steps on their part for the condemnation of its property the Court of Claims is without jurisdiction to ascertain and award compensation to it."

Yet in respect of this contention the opinion makes the following observation:

"It is scarcely necessary to say that it is immaterial that the plaintiff invoked the jurisdiction of the Court of Claims from fear that, if it did not file its petition in that court within the time limited, it might lose the right to demand compensation for its property. If the act of the Secretary of War in taking possession of the property was in violation of law, neither he nor his agents could rightfully hold possession against the plaintiff, in which case the plaintiff might have stood upon its rights under the Constitution, and invoked judicial authority for such protection as the law would afford against the unauthorized acts of public officers. But the plaintiff chose to acquiesce in the taking of its property for public use, and to accept the offer of the government to have the amount of compensation fixed by the Court of Claims, according to its peculiar modes of procedure. The reason inducing it to adopt such a course can have no influence upon the action of that court, nor affect its power to ascertain and award just compensation for the loss of the property."

See, also, Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. 4, 39 L. Ed. 52; Wabash Railroad v. Brow, 164 U. S. 278, 17 Sup. Ct. 126, 41 L. Ed. 431.

So far as the plaintiff's objections are based upon lack of notice, they have been waived by her appearance by attorney in the proceedings in the state court; and so long as the decree of the state court, in proceedings to which, by her voluntary appearance, she has become a party, remains in force, it cannot be collaterally impeached in the present suit.

It should further be borne in mind that this railroad is not a mere private enterprise, nor a matter of purely private concern. The road, when constructed, is affected by the public interest, and if there was any irregularity in the proceedings in the state court the company could not be dispossessed before it had an opportunity to amend or to perfect condemnation proceedings, if amendment or further proceedings were necessary. Winslow v. Balto. & Ohio R. R. Co., 188 U. S. 646, 660, 661, 23 Sup. Ct. 443, 47 L. Ed. 635.

In addition to the filing of the claim in the state court, it appears that the plaintiff has had her hearing before the commissioners on the question of assessing damages.

As the plaintiff has elected to claim damages for the taking, and as this election is inconsistent with the present contention that title still remains in the plaintiff, the proceedings in the state court must be held a bar to the present action.

Judgment will be entered for the defendant.