## HANCOCK *v.* HOLBROOK & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Argued November 4, 1884.—Decided November 17, 1884.

When a cause commenced in a State court, and removed to a circuit court, is brought to this court, and it does not appear on the face of the record that

the citizenship of the parties was such as to give the Circuit Court jurisdiction on removal, the judgment below will be reversed without inquiry into the merits, and the cause sent back with instructions to remand it to the State court from which it was improperly removed. *Mansfield, Coldwater & Lake Michigan Railway* v. *Swan*, 111 U. S. 379, affirmed.

In so remanding the cause this court will make such order as to costs as is just.

This cause was argued by counsel on the merits. The jurisdictional question raised by the pleadings is stated in the opinion of the court.

*Mr. Jeff. Chandler*, *Mr. Eppa Hunton* and *Mr. J. D. Rouse* for appellants.

*Mr. Thomas J. Semmes* (*Mr. Robert Mott* was with him) for appellees.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought in a State court of Louisiana, on the 25th of November, 1876, by Edward C. Hancock, a citizen of Louisiana, against Eliza Jane Holbrook, George W. Nicholson, R. W. Holbrook, and Chas. T. Howard, all of the city of New Orleans, as stated in the petition, to establish an alleged title of Holbrook to $\frac{24}{51}$ parts of all the property, rights, assets and good will of the "New Orleans Picayune Newspaper and Printing Establishment," then in the possession of the defendants at New Orleans. All the defendants were served with process by the sheriff of the parish of Orleans.

On the 13th of December, 1876, Nicholson filed in the State court a petition for the removal of the suit to the Circuit Court of the United States for the District of Louisiana. In this petition he stated that he was a citizen of the State of Mississippi and Hancock a citizen of the State of Louisiana. No mention was made of the citizenship of the other defendants, and no other ground of removal was given than that Hancock and Nicholson were citizens of different States. It does not appear that this petition was ever formally presented to the State court. The transcript only shows that it was filed. On the 19th of December, 1876, after the date of the filing of the petition for removal, the petition in the suit was amended by add-

ing the name of Richard Fitzgerald, a citizen of Louisiana, as a defendant, and a summons was thereupon issued to bring this new defendant into court.

On the 11th of December, 1877, nearly a year after the petition for removal was filed, the clerk of the State court made a transcript of the record and proceedings in that court, and annexed his certificate of its correctness. On the same day the attorney of Hancock indorsed on the transcript the following:

"I consent, on behalf of plaintiff, that this shall be considered a correct transcript of the record of the suit of *E. C. Hancock* v. *Mrs. E. J. Holbrook*, No. 23,653, Third District Court, Parish of Orleans, the same to be filed in the U. S. Circuit Court, in accordance with the order to transfer."

The transcript, thus certified and indorsed, was filed in the Circuit Court of the United States on the 13th of December, 1877. No motion was ever made to remand the cause, and on the 10th of January, 1878, proceedings were begun in the Circuit Court, at the instance of the attorney for the plaintiff. Answers were afterwards filed by the defendants and testimony taken, upon which the parties went to a hearing, which resulted in a decree, on the 13th of March, 1881, dismissing the bill. From this decree Hancock appealed.

It was decided at the last term, in *Mansfield, Coldwater & Lake Michigan Railway Co.* v. *Swan*, 111 U. S. 379, that when a suit which has been removed from a State court is brought here by appeal or writ of error, and it does not appear on the face of the record that the citizenship of the parties was such as to give the Circuit Court jurisdiction upon the removal, the judgment or decree of the Circuit Court will be reversed without inquiry into the merits, and the cause sent back with instructions to remand it to the State court from which it was improperly removed. This is such a case. All the defendants except one were citizens of the same State with the plaintiff, and there is no pretence of a separable controversy. Under these circumstances the cause was not removable (*Removal Cases*, 100 U. S. 457), and the Circuit Court consequently had no jurisdiction.

In the same case it was also decided that upon such a reversal

this court may make such order in respect to costs of the appeal or writ of error as justice and right shall seem to require. In that case the removal was made on the application of the appellant, and, although a judgment of reversal was entered, costs were given against him. It appeared there, however, that the appellee, after the case got to the Circuit Court, moved that it be remanded to the State court, and only remained in the Circuit Court, because his motion was overruled. He submitted to the jurisdiction of the Circuit Court upon compulsion.

Here the appellee petitioned for the removal. The cause was not, however, docketed in the Circuit Court until a year after the petition for removal had been filed in the State court, and it nowhere appears that any action was taken in the latter court in reference to its own jurisdiction. Neither does it appear by which party the case was docketed in the Circuit Court. It does appear, however, that the appellant consented to the docketing, and that he made no effort whatever to have the case remanded. He was the first to move in the Circuit Court, and there is nothing to show that he remained in that court against his will. We are strongly inclined to the opinion that the removal was effected with the consent of both parties and without the attention of either of the courts having been called to the jurisdictional facts. Under these circumstances each party should pay one-half the costs in this court.

*The decree of the Circuit Court is reversed, and the cause returned to that court with instructions to remand it to the State court from which it was improperly removed; and with liberty to make such order as to costs accruing in the Circuit Court after the removal as equity and justice may require. A judgment will be entered against the appellees for one-half the costs in this court.*