HANCOCK *v.* HOLBROOK and others.[1]

*(Circuit Court, E. D. Louisiana.   March 15, 1886.)*

1. REMOVAL OF CAUSES—CITIZENSHIP—PARTIES.

In causes where the parties, plaintiff or defendant, consist of more than one, they must be collectively so situated as to authorize a removal. *Florence Sewing-mach. Co.* v. *Grover & Baker Sewing-mach. Co.,* 18 Wall. 553; *Knapp* v. *Railroad Co.,* 20 Wall. 117.

2. SAME—LOCAL PREJUDICE ACT OF 1867.

Citizenship of different states is not enough, under the local prejudice act of 1867.   The locality—the citizenship—of the party adverse to that of him seeking the removal should be in the state where the local prejudice is averred to exist.

On Motion to Remand.

*John D. Rouse* and *Wm. Grant,* for plaintiff.

*Thomas J. Semmes* and *Robert Mott,* for defendants.

BILLINGS, J.   In the year 1876, plaintiff, describing himself as a citizen of the state of Louisiana, commenced this action in the state court.   The cause was, apparently by consent, brought to the circuit court; has been tried and appealed to the supreme court of the United States, which held that the jurisdiction of the circuit court did not appear in the record, and directed the circuit court to remand the cause.   This was done.   Subsequently to the cause having been remanded to the state court, to-wit, on the eighth day of December, 1885, the plaintiff filed a petition for removal of the cause to the circuit court, verified by his affidavit and accompanied by his proper bond.   The affidavit is to the effect that the plaintiff was, at the time of making the same, a citizen of New York, and that the four respondents (the suit having been discontinued as to the fifth defendant) were citizens of the state of Louisiana.   The state court refused the transfer; but an authenticated copy of the record has been filed in this court.   The issue has been presented by two of the defendants, namely, Mrs. George Nicholson (formerly Mrs. Eliza Jane Holbrook) and George Nicholson, that they were at the time this last petition for removal was filed in the state court citizens of the state of Mississippi.

The application for removal was made under the act of 1867, called the "Local Prejudice Act."   The affidavit of the plaintiff that he had become, and was at the time of filing his last petition for removal, a citizen of the state of New York is uncontradicted.   Mr. and Mrs. Nicholson have offered the testimony and affidavits of numerous witnesses, and have abundantly established that they were, at the time of the filing of the plaintiff's last petition for removal, citizens of Mississippi.

[1]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

The first proposition contended for by the counsel for the plaintff is that, under the act of 1867, the citizenship of the parties at the time of the application for removal, and not at the time of the commencement of the suit, is to be looked at. In *Insurance Co.* v. *Pechner*, 95 U. S. 185, the court reserve this question, and state that the language of the act of 1867, bearing upon this question, is different from that of 1875. But the court need not decide this question in this case. If it be assumed, without any decision upon this point, that the law is as it is claimed by the plaintiff's counsel, we then have a cause pending in the state of Louisiana against four defendants, wherein the plaintiff is a citizen of New York, two defendants are citizens of the state of Mississippi, and two defendants are citizens of the state of Louisiana. The nature of this cause has been passed upon by the supreme court, (*Hancock* v. *Holbrook*, 112 U. S. 231, S. C. 5 Sup. Ct. Rep. 115,) where the court say: "There is no pretense of a separable controversy." It is to be observed that the suit is between a citizen of New York, two citizens of Mississippi, and two citizens of Louisiana, brought in the latter state.

It is contended by the learned counsel for the plaintiff that the fact that the controversy is altogether between citizens of different states, and that the plaintiff is a citizen of another state, and two defendants are citizens of the state where the action is brought, authorized the removal, notwithstanding the fact that two of the defendants are nonresident citizens. Where a removal is sought under the act of 1867, and more than one person are joined as plaintiffs or defendants, and where, as here, the supreme court has determined the cause of action is not divisible, the test of citizenship must apply to each party to the suit collectively. *Florence Sewing-mach. Co.* v. *Grover & Baker Sewing-mach. Co.*, 110 Mass. 70. In this case, after it reached the supreme court of the United States, it was held, (18 Wall. 553:) "A case in which the plaintiff is a citizen of the state where the suit is brought, and two of the defendants are citizens of other states, a third defendant being a citizen of the same state as the plaintiff, is not removable under the act of 1867 upon the petition of the two foreign defendants." The court say, at page 583: "Where plaintiffs and defendants are both non-residents, the acts of congress make no provision for removal." In *Knapp* v. *Railroad Co.*, 20 Wall. 117, the court holds that the act of 1867 does not change the settled rule that determines who are to be regarded as the plaintiff and the defendant, *i. e.*, that the plaintiffs and defendants must be collectively such as to authorize the removal. The case of *Johnson* v. *Monell*, 1 Woolw. 391, might have led to a decision of this point, but did not. The reasoning in *Sands* v. *Smith*, 1 Dill. 290, is in favor of the doctrine contrary to that which the supreme court have established. The same may be said of *Akerly* v. *Vilos*, 2 Biss. 110. But as the supreme court, in 18 and 20 Wall., cited above, have settled the question that the party, plaintiff or defendant, when consisting of more than one, must be collectively

so situated as to authorize a removal, this court must follow that construction. The case of *Myers* v. *Swann*, 107 U. S. 546, S. C. 2 Sup. Ct. Rep. 685, has not overruled these cases.

The removal act of 1867 is a more extensive act as to time when it may be put in operation than many of the other removal acts, in that it may be invoked at any time before trial. It requires the court, in order to transfer the cause, to inquire into no fact beyond the belief or fear on the part of the plaintiff or defendant seeking the removal that on account of local prejudice he cannot obtain justice in his cause in the local tribunals. This might wisely be permitted if the local tribunals were of the locality of the adverse party. But it seems to me that the intention of congress was that the locality—the citizenship—of the party adverse to that of him seeking the removal should be in the state where the local prejudice is averred to exist. The fact that enough exists to give the circuit court jurisdiction under the general statutes—viz., citizenship of different states— is not enough under the local prejudice act. In this case Mr. and Mrs. Nicholson are citizens of Mississippi, and the cause is pending in Louisiana; they are the chief defendants.

Let the cause be remanded.