### CENTRAL GRAIN & STOCK EXCH. OF HAMMOND v. BOARD OF TRADE OF CITY OF CHICAGO.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1903.)

No. 977.

1. **FEDERAL COURTS—JURISDICTION—MUST AFFIRMATIVELY APPEAR.**
   In every case the question with which a federal court is first confronted is that of its jurisdiction both over the subject-matter and of the party, and this jurisdiction must affirmatively appear upon the record.

2. **SAME—FOREIGN CORPORATION—SERVICE ON AGENT.**
   There are but two means by which a federal court can obtain jurisdiction over a foreign corporation: The one by voluntary appearance,

¶ 2. Service of process on foreign corporations, see note to Eldred v. Palace Car Co., 45 C. C. A. 3.

and the other, if the corporation is prosecuting its business in the state where sued, by service of process upon some officer or agent in that state appointed to there transact and manage its business and representing the corporation in such state. Service upon an agent of such corporation is not service upon the corporation, unless it be engaged in business in the state where the agent is served and he be appointed to act for it there.

**8. SAME.**

A return to process issued for a foreign corporation as defendant in an equity suit in a federal court, showing service on an officer of the corporation, is not sufficient to authorize the court to entertain jurisdiction, where it does not appear either by such return or from the record that the corporation was at the time engaged in doing business in the state.

**4. WITNESSES—COMPELLING ATTENDANCE—POWER TO REQUIRE CORPORATION TO PRODUCE OFFICER.**

A court is without power to compel a corporation to produce one of its officers, who is beyond the jurisdiction of the court, as a witness, the corporation itself having no power, and being under no legal duty, to compel the officer's attendance.

**5. PROCESS—MOTION TO QUASH—DUTY TO DETERMINE BEFORE CONSIDERING MERITS.**

Defendant corporation appeared specially and filed a motion to quash the service, which was referred to a master for hearing. Jurisdiction over the defendant did not appear from the marshal's return, or otherwise from the record. *Held,* that an order suspending the hearing before the master until defendant should produce its president as a witness, and in the meantime granting a temporary injunction as prayed in the bill, was erroneous, both because in the state of the record the court was without jurisdiction to consider the case on the merits, and also because it was without rightful authority to compel the defendant to produce its officer as an adverse witness or to grant the injunction as a penalty for its failure to do so, there being no evidence that it was responsible for the fact that the officer was without the jurisdiction and could not be served with subpœna.

**6. SAME—WAIVER OF OBJECTION—GENERAL APPEARANCE.**

When a party appears specially to object to the jurisdiction, or to move to set aside the service of process, he does not waive the illegality in the service if after such motion is denied he answers to the merits, nor by appealing from a decree or order affecting the merits entered by the court while withholding its judgment on the question of its jurisdiction. Such illegality in the service is waived only when, without having insisted upon it, he pleads to the merits.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

On December 23, 1902, the appellee, a corporation of the state of Illinois, filed its bill of complaint for an injunction against the appellant, a corporation of the state of Delaware, of like character with the bill in Illinois Commission Company v. Cleveland Telegraph Company, 119 Fed. 301, 56 C. C. A. 205, to restrain the receiving, obtaining, and distributing of market quotations of the appellee until the right so to do should have been first acquired from the appellee, and subpœna issued returnable the first Monday of February, 1903, with notice of motion for an injunction to be heard on the 29th of December, 1902. The marshal, on December 29, 1902, returned to the subpœna that he had served it by delivering a copy to Charles W. Bickel, secretary of the company, and was unable to find the president or any other officer of the defendant within his district, and had also served copies upon certain named persons designated as "agents of the said exchange." On that date

¶ 6. Effect of appearance, see note to O'Connell v. Reed, 5 C. C. A. 594.

See Appearance, vol. 3, Cent. Dig. §§ 52, 143; Process, vol. 40, Cent. Dig. § 253.

also the appellant, defendant below, appeared specially, and upon the affidavit of Bickel that the defendant is a foreign corporation not doing business in the state of Illinois, and was not on the 26th of December, 1902, and that neither the president nor any other officer of the company was there on that day, and is not now there, transacting business for the corporation or representing it within the state of Illinois, and that the corporation is not authorized or qualified to do business within the state according to its statutes, and that the defendant corporation had not transacted any business within the state of Illinois, moved the court to quash the service of the subpœna on the ground that the return is untrue in fact and insufficient in law, and because defendant corporation is not doing business within the state of· Illinois, was not found within the district nor within the state, and is a nonresident corporation. On December 29, 1902, the motion to quash was referred to a master to take proofs upon the motion and report within 10 days. On January 16, 1903, upon application of the complainant below, and upon certain affidavits showing inability to serve a subpœna to appear before the master upon James F. Southard, alleged to be the president of the defendant, the court entered an order reciting the inability to serve the subpœna, and "there is reason to believe that said Southard is evading service of subpœna," that Southard appear, and that said ·defendant, so far as it is able, cause Southard to appear before the master at a time specified. On January 20, 1903, the master reported that Southard failed and neglected to appear at the time specified. Thereupon the complainant below moved the court "to grant an injunction herein, notwithstanding the defendant's motion to set aside service herein, unless said defendant shall cause its president, James F. Southard, to appear at once for examination" before the master. On January 21, 1903, the court ordered that the defendant below produce Southard for examination before the master at a time specified, and, upon failure so to do, a preliminary injunction should issue. On January 28, 1903, the court entered an order reciting, "It appearing to the court that the defendant herein has not caused its president, James F. Southard, to appear as a witness before Master in Chancery Booth and testify in the above-entitled cause, now, on motion of complainant it is ordered that unless otherwise hereafter ordered by this court the said master be directed to defer the matter of his report upon the reference to him of the motion to quash service herein, until said defendant shall cause the appearance of its said president before him as a witness as aforesaid," and also ordered a temporary injunction restraining the defendant as prayed in the bill of complaint. On February 4, 1903, the defendant below filed its petition, "saving and reserving to itself, however, the question of the jurisdiction of this court over the defendant, and appearing only for the purpose of objecting to the jurisdiction of the court," and, conceiving itself to be aggrieved by the order of January 28, 1903, prayed an appeal to the Circuit Court of Appeals, and with that petition filed its assignment of errors: (1) In entertaining jurisdiction of the defendant; (2, 3) in entering the order pending the motion to quash the writ of subpœna; (4) in holding that the defendant had not complied with the order requiring it to cause Southard to appear as a witness; (5) in making the order of January 16, 1903; (6, 7) in holding that, by reason of its failure to comply with the order to produce Southard as a witness, the temporary injunction should issue; (8) that it appeared that before the issuance of the order the defendant had ceased doing business, and was legally dissolved and out of existence; (9) in issuing the temporary injunction; (10) in taking jurisdiction of a nonresident defendant; (11) in directing the master to defer the making of his report upon the motion to quash until the defendant cause Southard to appear; (12) because the defendant had not been served with subpœna within the jurisdiction of the court; (13) because the persons served with subpœna as agents of the company were not at the time its agents within the jurisdiction of the court, engaged in the business of the company. On February 4, 1903, the court allowed the appeal, and on February 5th a bond on appeal was approved by the court and filed in the cause. On February 26, 1903, the defendant below filed a certificate of the Secretary of State of the state of Delaware showing that the corporation, defendant below, was dissolved January 10, 1903, and on that date the court ordered

that the certificate be filed nunc pro tunc as of January 28, 1903, and further ordered that the order of January 21, 1903, be modified to read as follows: "This cause coming on now to be heard upon the motion of the defendant to correct the order entered herein on January 16, 1903, by striking out of said last-mentioned order so much thereof as required the defendant, so far as it was able, to cause said Southard to appear, and upon the counter motion of the complainant to grant an injunction herein, unless said defendant shall cause its president, James F. Southard, to appear at once before Master Booth for examination, it is ordered that the defendant cause its president, James F. Southard, to appear as a witness before Master in Chancery Booth to testify in the matters in issue upon the reference herein to said master by Friday, the 23d day of January, 1903."

Jacob J. Kern, John A. Brown, and Lloyd Charles Whitman, for appellant.

Henry S. Robbins, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts as above). In every case the question with which a federal court is first confronted is that of its jurisdiction, both over the subject-matter and of the party; and this jurisdiction must affirmatively appear upon the record. So far has this doctrine been carried that judgments have been frequently reversed upon appeal because the records did not disclose the essential jurisdictional facts. Railway Company v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Hancock v. Holbrook, 112 U. S. 229, 5 Sup. Ct. 115, 28 L. Ed. 714; Ayers v. Watson, 113 U. S. 594, 598, 5 Sup. Ct. 641, 28 L. Ed. 1093; Insurance Company v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32 L. Ed. 543; Railroad Company v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672. These cases are to the effect that it is absolutely essential that the jurisdictional facts appear by the record; that it is error to proceed unless the jurisdiction of the court be so shown; that the absence of jurisdictional facts cannot be waived; that the failure of the record to disclose such facts should be noticed by the court sua sponte, and may be assigned for error by the party at whose instance the error was committed.

The record here discloses diversity of citizenship, showing jurisdiction if and when the process of the court is duly served or if the defendant should voluntarily appear. The defendant below was a corporation of the state of Delaware. There could be no presumption of its presence within the state of Illinois. There were but two conditions in which the court below could obtain jurisdiction over the corporation: The one by voluntary appearance—a condition which did not occur; the other, if the corporation prosecuted its business in the state of Illinois, by service of process upon some officer or agent in that state appointed to there transact and manage its business and representing the corporation in such state. Service upon an agent of a foreign corporation is not service upon the corporation unless it be engaged in business in the state where such agent is served and he be appointed to act for it there. St. Clair v. Cox, 106 U. S. 357, 1 Sup. Ct. 354, 27 L. Ed. 222; Cooper Manufacturing Company v. Ferguson, 113 U. S. 727, 735, 5 Sup. Ct. 739, 28 L. Ed. 1137; Fitz-

gerald & Mallory Construction Company v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Barrow Steamship Company v. Kane, 170 U. S. 100, 111, 18 Sup. Ct. 526, 42 L. Ed. 964; Mutual Life Ins. Company v. Spratley, 172 U. S. 602, 610, 19 Sup. Ct. 308, 43 L. Ed. 569; Conley v. Mathieson Alkali Works (decided May 18, 1903) 23 Sup. Ct. 728, 47 L. Ed. 1113; N. K. Fairbank & Co. v. Cincinnati Railway Company, 4 C. C. A. 403, 54 Fed. 420, 38 L. R. A. 271.

Immediately upon such service by the marshal the defendant below, appearing specially to object to the jurisdiction of the court over it, and upon a showing by affidavits that it had never transacted business within the state of Illinois, that no one of its officers was at the time within the state engaged in the transaction of business for it, and that it had not been authorized or qualified to transact business within that state by the law of the state, moved the court to quash the service of the writ upon the ground that the return was untrue in fact and insufficient in law. The return of the marshal did not show a service sufficient to authorize the court to entertain jurisdiction, because it does not appear by the return or by the record that the corporation defendant was engaged in business within the state of Illinois, or that the persons served were transacting business for it within the state. Therefore it was proper for the court to first ascertain if it had acquired jurisdiction of the person of the defendant, for the determination of that question must necessarily precede any action of the court upon the merits. The court below recognized its duty in this respect by passing consideration of the motion for an injunction, and referring the matter of the motion to quash to a master to take testimony touching the facts essential to the exercise of jurisdiction, and to report within 10 days. It properly refrained from entertaining the motion for an injunction until it was first determined whether it had jurisdiction over the person of the defendant. It should have continued to refrain from any consideration of the merits until the preliminary and fundamental question of jurisdiction had been determined. The complainant was unable to subpœna one Southard, the president of the defendant, as a witness upon the hearing before the master upon the question of jurisdiction. The master reported such inability to the court. Apparently entertaining the suspicion that Southard was evading service of the subpœna, the court ordered the defendant, so far as it should be able, to cause Southard to appear before the master at a time specified. The desired witness still failing to appear, upon motion of the complainant "to grant an injunction herein, unless said defendant shall cause its president, James F. Southard, to appear at once for examination" before the master, the court directed the defendant to produce Southard for examination at a time specified, and entered an order that upon failure so to do a preliminary injunction should issue. At the expiration of the specified time the order here appealed from was entered, which recites that the defendant had not caused its president to appear as a witness as directed, and ordered the master to defer his report upon the motion to quash service until the defendant should cause the appearance of its president before him as a witness, and also directed an injunc-

tion to issue restraining the defendant as prayed in the bill of complaint. We deem this order unwarranted. We know of no legal duty imposed upon a corporation to produce its officer as a witness when the process of the court cannot reach him. The duty of an officer of a corporation is prescribed by law, or by the articles of incorporation, or the by-laws of the corporation. The power of a corporation over its officers has respect only to the duties to the corporation which the law imposes. We know of no legal duty imposed upon an officer of a corporation to appear as a witness against that corporation, except in obedience to the writ of subpœna of a court duly served upon him. We know of no power in the corporation, or any duty devolving upon it, to compel its officer to appear as a witness before a court. We know of no right in a court to compel a corporation to produce its officer as an adverse witness. The law furnishes ample machinery to procure the testimony of any witness, in the service of its writ and by proceedings for contempt for disobedience of the writ, or, if the witness is beyond the jurisdiction of the court, by deposition or upon commission. Besides, the record here discloses no evidence of evasion of service of the process of the court. The suspicion of the court, so far as the record shows, arose from the mere inability of the officers to serve the writ, and the absence of the desired witness from his residence; the fact being, as the record discloses, that the corporation had been dissolved, and that Southard on the 2d day of January, 1903, and eight days before the issuance of the subpœna, left for the South for his health. There is no sort of evidence that the defendant corporation was a party to any attempt of Southard to evade service. The court had not right to proceed to the merits of the case until the question of its jurisdiction had been determined. Nor could it rightfully in advance of such determination, if at all, enjoin the defendant as a penalty for its supposed failure to produce its president as a witness upon the disputed question of jurisdiction. That such was the reason for the issuance of the injunction is plainly shown by the recital of the order. This assurance is made doubly sure by the motion of the complainant for an injunction and the previous order thereon. The modification of this previous order, subsequently to this appeal, cannot affect the order appealed from, upon the face of which we think it is manifest that it was issued as a penalty for the supposed disobedience by the defendant corporation in failing to produce the witness. This conclusion is justified by all the proceedings in the suit. The jurisdiction of the court being challenged, it refrained from any consideration of the merits, and proceeded to an examination of the facts upon which depended its jurisdiction to act at all. It then summarily suspended action upon the challenge to its jurisdiction, because the defendant had not done that which, as we think, the court had no right to require it to do, and thereupon undertook to determine the merits of a pending motion for injunction, when neither the record nor the return of the marshal to the subpœna disclosed the facts upon which the jurisdiction of the court over the person of the defendant must rest, namely, that it was doing business within the jurisdiction of the court.

It is urged that by appealing the defendant below waived its motion to quash, and that such act is tantamount to a general appearance. It is indeed said by some courts that one objecting to the jurisdiction of a court must keep out of court except to object to its jurisdiction, and that an appeal from a judgment is a general appearance to the action. Fee v. Big Sand Iron Company, 13 Ohio St. 563; Ruthe v. Railway Company, 37 Wis. 344; Hodges v. Frazier, 31 Ark. 58; Railway Company v. Heath's Administrator, 87 Ky. 651, 9 S. W. 832. This doctrine has not, however, obtained in the federal courts. It is true a party "may not, in the same breath, dispute the merits of the cause alleged against him and deny jurisdiction of the court over his person" (Crawford v. Foster, 28 C. C. A. 576, 84 Fed. 939); but when a party appears specially to object to the jurisdiction or to move to set aside the service of process, he is deemed not to have waived the illegality in the service, if, after such motion is denied, he answers to the merits. Such illegality in the service is waived only when, without having insisted upon it, he pleads in the first instance to the merits. Thus, in Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, process in a district court of a territory was served upon the defendant within an Indian reservation. The motion to set aside the service was overruled, and the defendant pleaded to the merits. The Supreme Court reversed the judgment against the defendant, and remanded the cause with a direction to set aside the service. Mr. Justice Field, delivering the opinion of the court, remarked:

"The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him to move the dismissal of the action on that ground, or, what we consider as intended, that the service be set aside; nor, when that motion was overruled, by their answering for him to the merits of the action. Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when, being urged, it is overruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

See, also, Insurance Company v. Dunn, 19 Wall. 214, 22 L. Ed. 68; Removal Cases, 100 U. S. 457, 475, 25 L. Ed. 593; Railway Company v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; Powers v. Railway Company, 169 U. S. 92, 102, 18 Sup. Ct. 264, 42 L. Ed. 673; Louisville Trust Company v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413.

Here the appellant has at no time—unless by the appeal—consented to the jurisdiction of the court or waived its objection thereto. No act was done which suggests such consent or waiver. The appellant was confronted with an order for an injunction issuing because it had failed to do that which the court had no right to require it to do. It had no remedy save by appeal, the court declining to proceed with the inquiry touching its jurisdiction. Under such circumstances, to hold that an appeal works a general appearance to the suit—notwithstanding it was limited to the jurisdiction

of the court to make the order—would work a grievous wrong, and would subject the party to a judgment upon the merits without remedy, when the record does not disclose jurisdiction of the court, and notwithstanding the constant objection of the defendant to the exercise of jurisdiction. Such result cannot be warranted by the law. A party protesting against jurisdiction may not be compelled to submit to a decree upon the merits when the court withholds its judgment upon its jurisdiction. Indeed, the allowance of the injunction under the circumstances was in effect a denial by the court of the motion to set aside the service, and that without the evidence before it, and solely as a penalty for misconduct, unwarrantably assumed. The only remedy afforded the party in such case is by appeal from the wrongful order which denies consideration of the challenge to the jurisdiction. Within the ruling of Harkness v. Hyde, supra, the party so debarred of his right may raise the question by appeal from a judgment upon the merits.

It is said that the eighth and ninth assignments of error go to the merits. If this were so, the objection would be unavailing, as we read the decisions of the Supreme Court. But the objection is not tenable in fact. The error assigned, that the corporation had been dissolved, went to the question of the right of the court to assume jurisdiction. The error assigned may not be sustainable, but the objection went to the jurisdiction, and not to the merits. This is also true of the ninth assignment.

The order of January 28, 1903, is reversed, and the cause is remanded with direction to the court below to proceed with the hearing of the motion to set aside the service of process.