BUFFALO SANDSTONE BRICK CO. v. AMERICAN SANDSTONE BRICK MACHINERY CO.

(Circuit Court, W. D. New York. October 17, 1905.)

No. 106.

CORPORATIONS—SUIT AGAINST IN ANOTHER STATE—JURISDICTION.

A court of New York cannot acquire jurisdiction of a foreign corporation, which is not doing business in the state, by service of summons on its president, who is in the state on private business, even though the corporation had previously done business in the state, and the president, when served, had incidentally called upon the plaintiff in relation to a contract growing out of such business, but which had been completed.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2613.]

On Motion to Quash Service of Summons.

Charles B. Wheeler, for plaintiff.
Clinton & Clinton, for defendant.

HAZEL, District Judge. Motion to quash the service of a summons, in an action instituted in the Supreme Court of the state of New York and afterward regularly removed to this court, upon the ground that the defendant, a Michigan corporation, was not engaged in business within the state of New York, and that its president, when served with the summons, was only casually within the jurisdiction of the court. This court has examined the questions involved and reached the conclusion that the defendant was not engaged in general or special business in this state at the time the service of the summons was had upon its representative, who was temporarily in the state. The adjudications to which attention has been directed by counsel for plaintiff have been examined, and I am satisfied that the visit of the president of the defendant to ascertain the nature of plaintiff's complaint in relation to the machinery installed pursuant to contract did not thereby confer jurisdiction upon this court. Assuming, but

not deciding, that the defendant had actually been engaged in business in this state before the service of the summons, during the time that the machinery was installed, it nevertheless clearly appears that the contract mentioned in the complaint was completed, and that the defendant had ceased to do any further business in this state. The principle of Conley v. Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113, is thought to apply.

The place where the contract was made is questioned. That it was completed in Michigan, where the defendant corporation was domiciled, is undeniable; and, even though the negotiations for entering into it were had in this state, it nevertheless was actually completed in the state of Michigan, the place where it was finally accepted by the defendant. Shelby Steel Tube Co. v. Burgess Gun Co., 8 App. Div. 444, 40 N. Y. Supp. 871.

The point that jurisdiction was obtained, on the ground that an authorized agent of the defendant was engaged in a special transaction at the time of the service of the summons, is not maintainable. As already indicated, the affidavits of the defendant in support of the motion under consideration show that Mr. Ewen, the president of the defendant, was traveling in this state upon personal business, and stopped off at Buffalo, where plaintiff's office was located, to ascertain the nature of the asserted complaint that the contract had been violated by the defendant, and to offer suggestions in relation to the machinery claimed to have been defectively constructed. In these circumstances, upon principle and authority, the service of the summons upon the president of the defendant corporation was unquestionably insufficient, and such service cannot be recognized as valid by the courts of this state. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Loudon Machinery Co. v. American Malleable Iron Co. (C. C.) 127 Fed. 1008; Wabash Western Railway Co. v. Brow, 164 U. S. 276, 17 Sup. Ct. 126, 41 L. Ed. 431; Barrow S. S. Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Conley v. Alkali Works, supra; Cady v. Associated Colonists (C. C.) 119 Fed. 420; Frawley, Bundy & Wilcox v. Pennsylvania Casualty Co. (C. C.) 124 Fed. 259; Central Grain & Stock Exch. v. Board of Trade, 125 Fed. 463, 60 C. C. A. 299; Johnson v. Computing Scale Co. (C. C.) 139 Fed. 339.

Hence jurisdiction is not acquired over the defendant, it not having surrendered itself to the jurisdiction of either the state court or of this court, and the service of the summons must be set aside. So ordered.