# H. H. SCOVILLE ET AL.

## v.

## A. RUIZ SOLER ET AL.

---

San Juan, Equity, No. 1004.

EFFECT OF APPEAL.

Equity Cases—Prompt Trial.

    1. The equity rules require prompt trial of cases, continuances beyond the term being exceptions.

Scoville v. Soler.

Special Appearance—Jurisdiction.

    2. An answer repeating a previous objection to the jurisdiction does not waive the point. There are some reasons for answers to be filed after overruling a plea to the jurisdiction.

Appeal on Jurisdiction—Trial on Merits.

    3. Where a case has been appealed generally, nothing can be tried in the court below; but if appealed merely upon the point of jurisdiction, the parties may try it upon the merits below, subject only to the possibility of everything being avoided by a reversal as to jurisdiction.

Opinion filed June 22, 1918.

Mr. *Charles Hartzell* for plaintiffs.

Mr. *H. G. Molina* for defendants Hubbard.

Mr. *H. L. Kern,* Attorney General, for defendant Soler.

HAMILTON, Judge, delivered the following opinion:

This bill was filed February 19, 1918, seeking to restrain the purchase of land and placing of a tuberculosis hospital on property adjoining plaintiffs, and claiming that this would work irreparable damage to them and to the neighborhood. Defendant Soler appeared specially on February 25 to set up that he represented the people of Porto Rico, who had not consented to be sued. This plea and motion were overruled, but in order to cover this point upon motion of defendant Hubbard notice issued on May 4 to the people of Porto Rico in the matter, but they have not appeared. On March 26 appeal was allowed on behalf of defendant Soler from the temporary injunction, and

this has been perfected, the necessary bond being given to cover costs; but it is not in the nature of a supersedeas, nor has any bond been given upon that theory. On March 25 defendants Hubbard answered and on April 19 what is labelled "special appearance and special answer" was filed on behalf of defendant Soler, reiterating the former plea as to jurisdiction, and then going on to answer the allegations of the bill of complaint, admitting some and denying others. Now come the defendants Hubbard and ask that the case be set for trial upon the merits, it being shown upon the argument that great damage is being done these defendants by having their property tied up without possibility of using, renting, or selling, pending the appeal.

1. The equity rules contemplate that when cases are at issue they should be promptly set for trial. "The cause shall be deemed at issue upon the filing of the answer." Rule 31. "After a cause shall be placed on the trial calendar it may be passed over to another day of the same term, by consent of counsel or order of the court, but shall not be continued beyond the term save in exceptional cases by order of the court upon good cause shown by affidavit and upon such terms as the court shall in its discretion impose." Rule 57. [226 U. S. 17, appx. 57 L. ed. 1648, 33 Sup. Ct. Rep. XXXIV]. It would seem that any party has the right to require the prompt trial of a case, if it be not the duty of the court itself to order it, when it is at issue.

2. The question arises whether this particular case is at issue when the answer filed is entitled as "special appearance and special answer." The practice as to special pleading cannot be said to be entirely settled, but the general principle is that it is allowable in order that a party may protect himself in

regard to such special defenses as jurisdiction. There seems
to be no reason why a subsequent answer is to be held as waiv-
ing the special plea. An answer to the merits after a plea to
the jurisdiction does not waive the objection to the jurisdiction
where the answer repeats the lack of jurisdiction. Harkness v.
Hyde, 98 U. S. 476, 25 L. ed. 237. This is exactly the case
at bar, and the fact that the answer is called a "special answer"
does not change the case. A pleading is not any more than a
picture determined by the name that is placed on it; the test
is the contents, and the contents of this particular answer show
that it is to the merits, merely as a preliminary repeating the
plea to the jurisdiction. Central Grain & S. Exch. v. Board of
Trade, 60 C. C. A. 299, 125 Fed. 463. There are good rea-
sons to think that it is necessary to make answer after such a
plea. Toledo R. & Light Co. v. Hill, 244 U. S. 49, 51, 61 L.
ed. 982, 986, 37 Sup. Ct. Rep. 591. This is no new doctrine.
The old forms of answers always began by saving and reserving
the errors, uncertainties, and other imperfections in the bill
of complaint. Curtis, Eq. Precedents, 184.

3. It would be anomalous and improper for this court to pro-
ceed to try a case which had been removed by appeal to the cir-
cuit court of appeals. That, however, is not true of the case
at bar. The matter of jurisdiction has been appealed and will
no doubt be passed upon one way or the other in due time; but
the appeal was not framed as a supersedeas and so cannot be
held to act as preventing this court from proceeding otherwise.
The only effect of the appeal is that, if the contention of the
appellant is sustained, the result would be that this court is
without jurisdiction, and whatever may be determined here is
subject to that contingency. If, however, any party wishes to

have the case tried under those circumstances there seems to be no technical reason why it should not be done.

It would seem, therefore, that the answer filed is one to the merits and is to be treated as such. It follows that the case is to be held at issue and ready for trial upon the merits. The provisional setting heretofore made is confirmed.

It is so ordered.