**STEEL SLIDES, INC., Plaintiff,**

v.

**WALTER KIDDE & CO., Inc., Columbian Bronze Corporation and Leo Edelson, Defendants.**

**No. 70 Civ. 3204.**

United States District Court,
S. D. New York.

Dec. 17, 1970.

Rivkin, Rosen & Reicher, New York City, for plaintiff.

Freedman, Weisbein & Furlong, Freeport, N. Y., for defendants; Edwin J. Freedman, Freeport, N. Y., of counsel.

**614**

MANSFIELD, District Judge.

In this suit by a manufacturer of steel table slides against its competitor (Columbian Bronze Corporation), the competitor's parent (Kidde & Co., Inc.) and Edelson, a former officer of plaintiff, who is now employed by Columbian, the complaint alleges a conspiracy on the part of defendants to injure plaintiff's trade, business and competition by selling steel slides below the cost of manufacturing and selling the same, causing plaintiff to lose important customers and suffer loss and damage. Injunctive relief and damages are sought. For the reasons stated below defendants' motion to dismiss for lack of jurisdiction is granted.

 Although the complaint fails to allege any basis for our assuming jurisdiction, plaintiff's opposition memorandum urges two jurisdictional grounds. The first is that diversity of citizenship exists because plaintiff is a New York corporation and one of the three defendants, Kidde & Co., Inc., is a Delaware corporation. The dispositive answer is that there must be complete diversity between the parties. The common citizenship of one defendant with the plaintiff is fatal to our jurisdiction. Shainwald v. Lewis, 108 U.S. 158, 2 S.Ct. 385, 27 L.Ed. 691 (1883); Hancock v. Holbrook, 112 U.S. 229, 5 S.Ct. 115, 28 L.Ed. 714 (1884); John Birch Society v. National Broadcasting Companies, 377 F.2d 194 (2d Cir. 1967); Carpenter v. Carden, 294 F. 515 (2d Cir. 1923). Since Columbian is a New York corporation and Edelson resides in New York, we lack diversity jurisdiction.

 The second ground urged by plaintiff is that since the complaint alleges sales at unreasonably low prices in violation of § 3 of the Robinson-Patman Act, 15 U.S.C. § 13a,[1] we have jurisdiction of the action as one arising under an act of Congress regulating commerce

or protecting trade and commerce against restraints and monopolies, 28 U.S.C. § 1337. Section 3 of the Robinson-Patman Act, however, is limited to penal sanctions and does not permit a private action to be maintained for sales at unreasonably low prices to destroy or eliminate a competitor. Nashville Milk Co. v. Carnation Co., 355 U.S. 373, 78 S.Ct. 352, 2 L.Ed.2d 340 (1958); Safeway Stores, Inc. v. Vance, 355 U.S. 389, 78 S.Ct. 358, 2 L.Ed.2d 350 (1958); Gold Fuel Service, Inc. v. Esso Standard Oil Company, 306 F.2d 61, 62 (3d Cir. 1962). United States v. National Dairy Products Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963), relied upon by plaintiff, was a criminal prosecution by the Government, not a private civil suit.

Since no other basis of jurisdiction is alleged or urged, defendants' motion is granted, and the complaint is dismissed for lack of jurisdiction.

It is so ordered.

---

1. Section 13a reads in part as follows:
   "It shall be unlawful for any person engaged in commerce, in the course of such commerce * * * to sell, or contract to sell, goods at unreasonably low prices for the purpose of destroying competition or eliminating a competitor."